UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
GARNER ALLEN,

                                      Plaintiff,

        -against-

CORRECTIONAL OFFICER DEVERON D. AITKEN
SERGEANT KENNETH L. JAMES, AND REGISTERED
NURSE VOLODYMR GLUKHAN,

                                  Defendants.
-----------------------------------------------------------------------x

**SECOND AMENDED COMPLAINT**

Civil Case No.: 23 CV 2149 (VB)

***JURY TRIAL DEMANDED***

Plaintiff, Garner Allen, by and through his attorneys, Barket Epstein Kearon Aldea & LoTurco, as and for his Complaint against the Defendants, Correctional Officer Deveron Aitken (hereinafter, "Defendant Aitken"), Sergeant Kenneth James (hereinafter, "Defendant James"), and Registered Nurse Volodymr Glukhan (hereinafter, "Defendant Glukhan"), states and alleges as follows:

**PRELIMINARY STATEMENT**

1.  This is a civil rights action in which the Plaintiff, GARNER ALLEN, seeks relief for the violation of his rights secured and guaranteed to him by the Civil Rights Act of 1871, 42 U.S.C. §1983, by the Eighth Amendment to the United States Constitution, and by the laws and Constitution of the State of New York. For his injuries, Plaintiff seeks damages, both compensatory and punitive, affirmative, equitable relief, an award of costs and attorney's fees, and any such other and further relief as this Court may find to be just and appropriate.

## JURISDICTION AND VENUE

2.   Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1343 and 42 U.S.C. §1983.

3.   Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

4.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 (a), (b) and (c), as the events giving rise to this complaint happened in this judicial district.

## PARTIES

5.   Plaintiff is a 49-years-old African American male, and is a citizen of the United States residing in the State of New York. He is a sentenced prisoner committed to the custody and care of the New York State Department of Corrections and Community Supervision (hereinafter, "NYS DOCCS"), an entity duly organized and existing under and by virtue of the laws of the State of New York. At the time of the events giving rise to this claim, Plaintiff was housed at Sing Sing Correctional Facility, located at 354 Hunter Street (Westchester County), Ossining, New York 10562. He is presently housed at Clinton Correctional Facility, located at 1156 Cook Street, in Dannemora, New York 12929..

6.   Defendant Aitken was and is a correctional officer employed by the NYS DOCCS. At the time of the events giving rise to Plaintiff's claim, he was a prison guard at Sing Sing Correctional Facility, acting under color of state law.

7.   Defendant James was at all times relevant to Plaintiff's claim a correctional officer employed by the NYS DOCCS. At the time of the events giving rise to Plaintiff's claim, he was a prison guard at Sing Sing Correctional Facility, acting under color of state law.

8.   Defendant Glukhan was at all times relevant to Plaintiff's claim a registered nurse employed by the NYS DOCCS. At the time of the events giving rise to Plaintiff's claim, he was a nurse at Sing Sing Correctional Facility, acting under color of state law.

## STATEMENT OF FACTS

9.   On October 13, 2022, Correctional Officer Jonnelle S, Bissessar issued Plaintiff a misbehavior report, accusing him of lewd conduct, a violation of Rule 101.20, and refusing a direct order, a violation of Rule 106.10, both Tier III infractions. Specifically, Officer Bissessar alleged in the report that at approximately 11:00 p.m., while she was conducting security rounds, she observed Plaintiff locked in his cell, masturbating. According to the report, Plaintiff failed to hang a sheet to shield himself from the view of others, and then refused a direct order by Officer Bissessar to stop.

10. Plaintiff, at the time, was housed on A Block, H Company, Cell 54.

11. On information and belief, Officer Bissessar and Plaintiff were engaging in ongoing consensual sexual activity in the prison, whereby during Officer Bissessar's overnight shifts, Officer Bissessar would flirt with Plaintiff, Plaintiff would become aroused, and Plaintiff would masturbate in front of Officer Bissessar with her consent.

12. On information and belief, Officer Bissessar wrote the above-referenced misbehavior report to conceal the consensual nature of her encounter with Plaintiff. Then, in an effort to portray herself as a victim, Officer Bissessar advised other prison staff of Plaintiff's conduct, including Defendant Aitken, who worked with Defendant Bissessar on the bridge near the mess hall and A Block, and encouraged said persons to retaliate against Plaintiff for sexually harassing her.

13. On November 22, 2022, approximately five weeks later, Plaintiff was passing through A Block, near the office of the Officer in Charge ("OIC"), on his return to his cell from the mess hall. It was just after 8:00 a.m.

14. Plaintiff was following all laws, rules, and regulations, and was holding toasted bread in one hand, and fruit in the other.

15. Defendant Aitken stopped Plaintiff, directed him to step into a room with a microwave, and informed him that Defendant Aitken was working on A Block, H company, and that there was not going to be anybody loitering on his company.

16. Defendant Aitken's arms were folded and he had a black object with a red stripe in his hand.

17. Plaintiff complied with Defendant Aitkin's directive, but before Plaintiff could respond verbally, Defendant Aitken struck Plaintiff in the face with such force that Plaintiff immediately dropped to the floor.

18. Defendant Aitken then stomped Plaintiff's head and face as he lay on the floor, and punched and kicked him in the head and face repeatedly, as Plaintiff lay defenseless, causing Plaintiff to suffer tremendous pain and anguish and to fear for his life.

19. Eventually, a female correctional officer, Officer Chumley, observed Defendant Aitken beating Plaintiff, intervened, and pulled Defendant Aitken off of Plaintiff. Officer Chumley then asked Defendant James, the A Block sergeant, who approached with another female guard, Correctional Officer Williams, what the guards were going to do, and Defendant James answered, "not a damn thing."

4

20. Defendant James then stated that the guards were going to take Plaintiff to his cell, at which time Plaintiff spit blood into his hand and told Defendant James and the other guards that he needed to go to the medical clinic because his jaw was broken.

21. Defendant James then agreed to take Plaintiff to the medical clinic, but told Plaintiff to report that Plaintiff had been assaulted by another incarcerated individual, not by Defendant Aitken. Otherwise, Defendant James threatened, Plaintiff would be charged with assault on staff, which could result in significant loss of privileges for Plaintiff as well as a change in his conditions of confinement.

22. At the medical clinic, Defendant Glukhan examined Plaintiff, and Plaintiff told Defendant Glukhan that he believed his jaw was broken. Defendant Glukhan, however, noted no injuries of significance to Plaintiff, and gave Plaintiff nothing for pain. Instead, after observing that Plaintiff's blood pressure was high, Defendant Glukhan sent Plaintiff upstairs to the prison infirmary for observation.

23. In the infirmary, Plaintiff continue to complain of intense jaw pain, and eventually, at the direction of Nurse Molina, he was escorted back downstairs to the clinic. This time, Plaintiff was examined by a tele-med nurse from outside of the prison, who, despite Defendant Glukhan's contrary view, ordered that Plaintiff be transported to an outside hospital right away for further examination.

24. Plaintiff was then taken to Mount Vernon Hospital, where, at approximately 5:45 p.m., staff observed two fractures to Plaintiff's mandible and gave him medication to manage his pain.

25. With his injuries confirmed, Plaintiff was transported back to the infirmary at Sing Sing for overnight observation, and the following day, November 28, 2022, Plaintiff was taken to

Westchester County Medical Center, where he was admitted and treated for right parasymphysis and left angle mandible fractures.

26. Plaintiff underwent open reduction and internal fixation surgery on December 2, 2022, and he was discharged from Westchester County Medical Center on December 7, 2022.

27. Plaintiff was subsequently returned to Sing Sing where, as he healed and recovered, he was housed in the infirmary.

28. On February 15, 2023, Plaintiff was returned to general population, and served with a misbehavior report, written by Defendant Aitken.

29. In the report, Defendant Aitken falsely alleged that Plaintiff engaged in violent conduct in violation of Rule 104.11, refused a direct order in violation of Rule 106.10, and committed a movement regulation violation in violation of Rule 109.12, all Tier III infractions. Defendant Aitken further falsely wrote in the report that Plaintiff approached Defendant Aitken on November 22, 2022, with clenched fists in a fighting stance, at which time it became necessary to use force in the form of a body hold to gain Plaintiff's compliance.

30. On March 1, 2023, a hearing was held, and Plaintiff was wrongly found guilty of all charges. As a penalty, Plaintiff lost packages, commissary, and use of the phone for 90 days.

## AS AND FOR A FIRST CAUSE OF ACTION:
## EXCESSIVE FORCE

(Deprivation of federal civil rights under the United
States Constitution and 42 U.S.C §1983)

31. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

32. By his conduct and actions in punching, kicking, and stomping Plaintiff, Defendant Aitken, acting with animus and under color of law, without lawful justification or the penological purpose or restoring or maintaining discipline, intentionally, maliciously, and sadistically caused injury and damage to Plaintiff in violation of Plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the Eighth Amendment to the United States Constitution.

33. As a result of the foregoing, Plaintiff was damaged and injured, as his jaw was broken in two places, he underwent corrective surgery, his ability to eat and move his jaw was severely impaired for an extended period of time, and he suffered significant physical and mental pain and anguish.

**AS AND FOR A SECOND CAUSE OF ACTION:**
**DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS**

(Deprivation of federal civil rights under the United
States Constitution and 42 U.S.C. §1983)

34. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

35. By his conduct and actions in failing to diagnose and treat Plaintiff's broken jaw in the prison's medical clinic, and to instead send Plaintiff to the prison infirmary for observation for high blood pressure, Defendant Glukhan failed to provide obviously needed medical treatment to Plaintiff at a level reasonably commensurate with modern medical science and of a quality acceptable within prudent professional standards, delayed his receipt of emergency medical attention and of pain relievers, and, with depraved indifferent to Plaintiff's physical and emotional well-being, caused Plaintiff to experience needless pain and suffering and emotional distress.

## AS AND FOR A THIRD CAUSE OF ACTION:
## BATTERY

(Violation of New York State law)

36. Plaintiff realleges and incorporates by reference all preceding paragraphs.

37. By punching, kicking, and stomping on Plaintiff, Defendant Aitken intentionally engaged in physical contact with Plaintiff.

38. Plaintiff did not consent to being battered; nor did he at any time resist or refuse any direct order.

39. The force used by Defendant Aitken on Plaintiff was excessive and was not commensurate with the force necessary under the circumstances.

40. The battery on Plaintiff involved bodily touchings of Plaintiff that were offensive, harmful, and painful, and caused specific bodily injury and mental damages as set forth above.

41. The conduct of Defendant Aitken was the direct and proximate cause of the physical and emotional injury suffered by Plaintiff, and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

42. The force used on Plaintiff by Defendant Aitken also violated Corrections Law §137(5).

43. Plaintiff is entitled under New York State Law to compensatory damages for past and future pain and suffering, as well as for the psychological anguish he experienced

## AS AND FOR A FOURTH CAUSE OF ACTION:
## NEGLIGENT FAILURE TO INTERVENE

44. Plaintiff realleges and incorporates by reference all preceding paragraphs.

45. Employees of Sing Sing Correctional Facility and the State, including Defendant James, owed a duty of reasonable care in attempting to maintain the safety of all incarcerated individuals in their custody, including Plaintiff.

46. Having assumed physical custody of prisoners, the employees of the prison and the State, including Defendant James, owed a duty to safeguard them against reasonably foreseeable violence from other prison employees.

47. On information and belief, Defendant James, as well as unidentified employees of the prison and State, knew of the violent propensities of Defendant Aitken, were in a position to intervene to prevent or mitigate the attack on Plaintiff by Defendant Aitken, and yet took no reasonable steps to intervene to prevent or mitigate the brutal attack

48. On information and belief, if there had been such intervention, the physical attack upon Plaintiff would have been stopped.

49. Plaintiff's injuries were a reasonably foreseeable consequence of the failure by Defendant James and unidentified State agents and employees to intervene.

50. Defendant James and these unidentified employees of the prison and State were at all relevant times acting as officers and employees of the State, within the scope of their employment.

51. Plaintiff suffered conscious physical and emotional pain and suffering as a result of the negligent conduct of Defendant James and these unidentified State employees and agents, and is entitled to compensatory damages for past and future pain and suffering, as well as for emotional distress.

**WHEREFORE**, Plaintiff demands the following relief jointly and severally against all of the defendants:

      a.   Compensatory damages;

      b.   Punitive damages;

      c.   The convening and empaneling of a jury to consider the merits of the claims herein; 42 USC 1988(b);

      d.   Costs and interest and attorneys' fees;

      e.   Such other further relief as this court may deem appropriate and equitable.

Dated:  Garden City, New York
         February 26, 2024

                        Respectfully submitted,

                        Barket Epstein Kearon Aldea & LoTurco, LLP
                        Counsel for the Plaintiff

                        _____
             By:  Danielle Muscatello
                  Alex Klein
                  666 Old Country Road, Suite 700
                  Garden City, New York 11530
                  (516) 745-1500
                  dmuscatello@barketepstein.com
                  aklein@barketepstein.com