UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
GARNER ALLEN,

          Plaintiff,

- against -

CORRECTIONAL OFFICER DEVERON D. AITKEN; SERGEANT KENNETH L. JAMES; REGISTERED NURSE VOLODYMR GLUKHAN,

          Defendants.
------------------------------------------------------------- X

23-CV-2149 (VB)

CONFIDENTIALITY STIPULATION AND ~~PROPOSED~~ PROTECTIVE ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/23/24

      WHEREAS the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure,

      WHEREAS the discovery sought by Plaintiff in this case concern documents and information in the possession of the New York State Department of Corrections and Community Supervision ("DOCCS"), and materials sought may: (a) contain highly sensitive information, policies, procedures, or other matters that, if disclosed, could jeopardize correctional or institutional safety, security or good order; (b) contain information that is confidential under state or federal law; or (c) contain personal or confidential information;

      IT IS HEREBY STIPULATED, AGREED, and ORDERED that the following restrictions and procedures shall apply to the information, testimony, and documents produced by the Parties, and as appropriate, non-parties, in this action:

      1.    As used herein, the term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a) and Rule 26.3(c)(2) of the Local Civil Rules of this Court.

2.     As used herein, the term Personally Identifying Information ("PII") includes any representation of information that permits the identity of an individual to whom the information applies to be reasonably inferred by either direct or indirect means (*e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft). PII exchanged in discovery shall be maintained by the receiving party in a manner that is secure.

3.     As used herein, the term "Confidential Material" shall mean documents produced from the records of the New York State Department of Corrections and Community Supervision ("DOCCS") and the information contained therein, the disclosure of which Defendants or DOCCS reasonably believe would jeopardize correctional or institutional safety, security or good order, or which contain information that is confidential under state or federal law.

4.     Defendant may designate documents and witness testimony as Confidential Material.

5.     Defendant may further designate as "Attorney's Eyes-Only" any Confidential Material in the following categories, but only to the extent that they have a good faith basis for believing that the disclosure of such documents to Plaintiff would significantly and irreparably jeopardize correctional or institutional safety or security or good order. In particular, the following materials may be designated "Attorney's Eyes-Only":

   a.   Reports and other records prepared by the DOCCS Office of Special Investigations, or its predecessor entity the DOCCS Office of the Inspector General, in connection with an investigation conducted by that entity;

   b.   Health care (including, but not limited to, drug or substance abuse records), mental health care, and labor relations records that contain PII concerning any employee of DOCCS, any incarcerated individual in the custody of DOCCS,

or any person subject to community supervision by DOCCS, provided that, for mental health records, the review and determination required by New York Mental Health Law § 33.16 has been completed before any records approved for release are produced, and provided that, for any records that constitute law enforcement disciplinary records as defined in NYS Public Officers Law ("POL") § 86, such records shall be redacted consistent with obligations under POL §§ 89 and 96;

  c. Personnel records or other documents pertaining to the individual's employment, including, but not limited to, records of disciplinary proceedings, performance evaluations, and counseling, which would not otherwise be subject to a public right of access under the Freedom of Information Law ("FOIL"), Article 6 (Sections 84-90). Further, provided that, for any records that constitute law enforcement disciplinary records as defined in POL § 86, such records shall be redacted consistent with obligations under POL §§ 89 and 96;

  d. Directives or written policies issued by DOCCS or any correctional facility operated by DOCCS that are not publicly available and are classified as "D" within the meaning of DOCCS Directive 0001, indicating that they contain information affecting the safety and security of correctional facilities and are handled as confidential material and restricted from unauthorized access;

  e. DOCCS training materials that are not publicly available and refer to or concern correctional, community supervision or institutional safety, security, or good order; and

  f. Any other records, photographs, videos, maps, diagrams, or materials that the Defendant reasonably believes would compromise the safety or

security of a DOCCS facility or office if disclosed to an incarcerated individual in the custody of DOCCS and/or the general public.

6. Transcripts of depositions taken in this Action, together with any exhibits, will be treated as Confidential Material and Attorney's Eyes-Only in their entirety for thirty (30) days after being notified that a full and final copy of the deposition transcript is available. During that thirty (30) day period, either party may designate as Confidential Material and/or Attorney's Eyes-Only, consistent with the meaning of what is described in Paragraphs 3 or 5 herein, specific portions of the transcript, by page and line, together with any deposition exhibits which contain Confidential Material referred to therein. Such designations must be provided to Plaintiff's counsel and Defendant's counsel in writing to be deemed effective. Any portion of the deposition transcript or exhibits not so designated during the thirty (30) day period will not be treated as Confidential Material or Attorney's Eyes-Only. Nothing contained herein shall remove a previous Confidential Material or Attorney's Eyes-Only designation from any exhibit mentioned, referenced, marked, identified, or otherwise utilized during the deposition.

7. Notwithstanding the treatment as Confidential Material or Attorney's Eyes-Only, with respect to personnel, health care or mental health care records that contain PII concerning any employee of DOCCS or any incarcerated individual in the custody of DOCCS, it is understood that the names, residence addresses, employee insurance information, Social Security numbers, NYSID and FBI numbers and/or Department Identification Numbers ("DIN") of any employee, incarcerated individual, or other person who has not provided Defendant with a duly executed authorization permitting disclosure of such information shall be redacted from the documents produced by Defendant or non-parties.

8. An inadvertent failure to designate documents as Confidential Material or Attorney's Eyes-Only material may be corrected by supplemental written notice given as soon as practicable. That written notice should provide the other party with an identification of the production numbers of the inadvertently produced material, and the producing party should then re-produce the material with a proper designation. Nevertheless, the receiving party should treat the document as so designated in the interim.

9. To the extent Plaintiff's counsel obtained copies of documents described in Paragraphs 3 or 5 herein prior to the commencement of this action and may have disclosed them or their contents to others, it shall not be deemed a violation of this Stipulation and Protective Order, but such documents and information shall be treated hereafter as Confidential Material or Attorney's Eyes-Only.

10. If a party that received documents or information designated as Confidential Material or Attorneys' Eyes-Only hereunder objects to such designation of any or all of such materials, counsel shall make a good faith effort to resolve the dispute pursuant to the Court's most recent Individual Rules of Practice and in the following manner:

    a. Counsel for the objecting party shall serve on the designating party a written objection to such designation, which shall describe, with specificity, the documents or information in question and shall state the grounds for objection.

    b. Counsel for the designating party shall respond in writing to such objection within 14 days, and shall state, with specificity, the grounds for asserting that the document or information is Confidential Material and/or Attorneys' Eyes-Only. If no timely written response is made to the objection, the challenged designation will be deemed to be void.

      c.      If the designating party or a third party makes a timely response to such objection asserting the propriety of the designation, counsel shall then, pursuant to the Court's most recent Individual Rules of Practice, confer in good faith in an effort to resolve the dispute;

      d.      If a dispute as to a Confidential Material and/or Attorneys' Eyes-Only designation of a document or item of information cannot be resolved by agreement, the party that designated the material shall, within thirty days of receipt of the challenging party's written objection, present the dispute to the Court, pursuant to the Court's procedures for resolving discovery disputes as set forth in its most recent Individual Rules of Practice. Material designated as Confidential Material and/or Attorney's Eyes-Only shall be treated as such until either the parties resolve the dispute or the Court rules otherwise. Each party reserves the right to object to the use or admissibility of the Confidential Material.

11.    Any papers filed with the Court in this action that refers to Confidential Material or Attorneys' Eyes-Only information or documents, or contain information derived therefrom, shall be filed under seal, and shall remain sealed with the District Clerk's Office so long as the materials retain their status as Confidential Material or Attorneys' Eyes-Only.

12.    Confidential Material or Attorney's Eyes-Only material produced pursuant to the terms of this Stipulation and Protective Order shall be utilized by the receiving party and their counsel solely for the purposes of this action and solely to the extent necessary for the litigation of this action, including any appeals thereof.

13. Confidential Material and Attorney's Eyes-Only designated material shall be treated as confidential and not disclosed, except to the extent provided in this Stipulation and Protective Order or as otherwise ordered by a Court.

14. As for Confidential Material only, counsel for Plaintiff may allow Plaintiff to view and inspect Confidential Material as necessary to prosecute this action. However, Plaintiff shall not retain copies of Confidential Material.

15. The parties shall not disclose Confidential Material to any person not a party or a member of the staff of the parties' attorneys' offices, except under the following conditions:

   a. Disclosure may be made only if necessary to the preparation or presentation of each party's case in this action, or trial of this action, or any appeal thereof.

   b. Disclosure before trial may be made only to:
      i   An expert or consultant who has been retained or specially employed by a party's attorneys in anticipation of litigation or preparation for this action;
      ii  An officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical, or other personnel of such officer;
      iii A witness at deposition;
      iv  The Court, including court personnel; and
      v   Any other person agreed to by the Producing Party.

   c. Before any disclosure is made to a person listed in subparagraph (b)(i) above, the party's attorneys shall provide each such person with a copy of this Stipulation and Protective Order and such person shall consent in writing, in the Certification annexed hereto, not to use the Confidential Material for any

purpose other than in connection with the prosecution or defense of this case and not to further disclose the Confidential Material except in testimony taken in this case. The signed consent shall be retained by counsel for the party disclosing the information.

16. If an individual employee of DOCCS in the ordinary course of performing their daily job duties, unrelated to this litigation, discloses records containing any Confidential Material, such discovery and/or disclosure shall not be deemed a violation or waiver of this Order.

17. All provisions concerning disclosure of Confidential Material set forth in paragraphs 14 and 15 shall also apply to Attorney's Eyes-Only material except that Attorney's Eyes-Only material may further not be given to or shown to Plaintiff or any current or former incarcerated individual, nor may Plaintiff's counsel otherwise disclose the contents of Attorney's Eyes-Only material to Plaintiff or any current or former incarcerated individual.

18. Confidential Material or Attorney's Eyes-Only material may be disclosed pursuant to order of a court, administrative agency or tribunal with actual or apparent authority over Plaintiff's counsel, provided, however, that in the event that Plaintiff's counsel intends to produce documents containing Confidential Material or Attorney's Eyes-Only material or that contain Confidential Material or Attorney's Eyes-Only material obtained from such documents in response to such order, Plaintiff's counsel shall serve notice of such order upon Defendant's counsel, identifying by Bates numbers the documents it intends to produce, not less than ten (10) business days prior to the production thereof, to give Defendant the opportunity to seek a protective order against such production.

19. Except as consented to in writing by Defendant's counsel or ordered by the Court, and notwithstanding any other term or provision contained in this Stipulation and Protective Order, Confidential Material or Attorney's Eyes-Only shall not be released or disclosed in any manner to any person who is or was an incarcerated individual in the custody of DOCCS, except:

   a. counsel for Plaintiff may allow Plaintiff to view and inspect Confidential Material only as necessary to prosecute this action. However, Plaintiff shall not retain copies of Confidential Material. Plaintiff may not view or inspect Attorney's Eyes-Only material, and the contents of Attorney's Eyes-Only material shall not be disclosed to Plaintiff;

   b. nothing herein shall prevent current employees of Barket Epstein Kearon Aldea & LoTurco, LLP from reviewing Confidential Material or Attorney's Eyes-Only material, subject to the other terms of the Confidentiality Order;

   c. In the event that Barket Epstein Kearon Aldea & LoTurco, LLP hires other individuals who were incarcerated individuals in the custody of DOCCS, they will provide to counsel for Defendants the full name of such person and any information sufficient to allow DOCCS to conduct an individualized security review and disclosure of any Confidential Material or Attorney's Eyes-Only material shall not be made to such person until DOCCS has completed its security review.

20. The Confidential Material or Attorney's Eyes-Only material shall not be disclosed in open court without first affording Defendant's counsel an opportunity to contest disclosure and/or admissibility of such Confidential Material or Attorney's Eyes-Only material. For the

avoidance of doubt, this paragraph does not apply to materials being filed in the Court docket, which is governed by paragraph 21 below.

21. If Plaintiff's attorneys intend to file with the Court any papers that attach, enclose, or contain Confidential Material or Attorney's Eyes-Only material (as defined in this Stipulation and Protective Order), and Defendant's attorneys do not provide consent in writing, Plaintiff's attorneys shall request or move the Court to direct that such documents be filed under seal, following the Court's rules, procedures, and practices for making such a request or motion. For the avoidance of doubt, nothing in this paragraph requires Plaintiff's attorneys to seek consent from Defendant's attorneys before filing a request for documents to be filed under seal.

22. If any Party or, as appropriate, non-party, intends to disclose Confidential Material during any hearing or trial before the Court, including through argument, filings, or the presentation of evidence, such Party or, as appropriate, non-party, may do so only after taking such steps as the Court, upon motion of the Producing Party, shall deem necessary to preserve the confidentiality of such Confidential Material.

23. Nothing herein shall be deemed to waive any applicable privilege. Pursuant to Fed. R. Evid. 502(d) and Fed. R. Civ. P. 26(b)(5)(B), no privilege or protection is waived by disclosure connected with this action, nor is any such disclosure a waiver in any other federal or state proceeding, and any disclosed material is subject to return to the producing party ("clawback") on demand without any obligation on the part of the producing party to demonstrate compliance with Fed. R. Evid. 502(b)(1)-(3) and Fed. R. Civ. P. 26(b)(5)(B) relating to inadvertent disclosure. However, nothing herein shall be deemed to waive the right of the receiving party to dispute the producing party's claim of privilege.

24.    Within sixty (60) days of the conclusion of this Action, including appeals, Plaintiff's counsel shall either return to Defendant's counsel all Confidential Material and/or Attorney's Eyes-Only material, and any copies thereof, in their custody, possession or control and any documents containing Confidential Material and/or Attorney's Eyes-Only material, in whole or in part, and any copies made therefrom or shall notify Defendant's counsel in writing that all such material has been destroyed. Notwithstanding the foregoing, Plaintiff's counsel may retain: (1) attorney work product that refers to or relates to Confidential Material and/or Attorneys' Eyes-Only material and (2) copies of all documents filed with the Court, including documents filed under seal. Any retained Confidential Material and/or Attorney's Eyes-Only material will continue to be protected by this Stipulation and Protective Order.

25.    Nothing in this Order shall foreclose the parties from separately negotiating and agreeing in writing to the confidential treatment of documents not contemplated by this Stipulation and Protective Order and identified in Paragraphs 3 and 5 herein.

[SIGNATURE PAGE FOLLOWS]

Dated: New York, New York
August 22, 2024

| | |
|---|---|
| LETITIA JAMES<br>Attorney General<br>State of New York<br>*Attorney for Defendant*<br>*Deveron D. Aitken* | Barket Epstein Kearon Aldea & LoTurco, LLP<br>*Attorneys for Plaintiff* |

Maurice K. Nwikpo-Oppong
DN: cn=Maurice K. Nwikpo-Oppong, o=Office of the New York State Attorney General, email=Maurice.Nwikpo-Oppong@ag.ny.gov, c=US
Location: New York, New York
Date: 2024.08.23 04:06:28 -04'00'

Maurice Nwikpo-Oppong, Esq.
Assistant Attorney General
28 Liberty Street, 18th Floor
New York, New York  10005
(212) 416-6097
Maurice.Nwikpo-Oppong@ag.ny.gov

Alexander Klein, Esq.
666 Old Country Road, Suite 700
Garden City, New York  11530
(516) 745-1500
aklein@barketepstein.com

SO ORDERED:

HON. VINCENT L. BRICCETTI
United States District Judge
Southern District of New York

## CERTIFICATION

I certify my understanding that Confidential Material and/or Attorney's Eyes-Only material is being provided to me pursuant to the terms and restrictions of the Stipulation and Protective Order in *Allen v. Aitken*, No. 23 Civ. 2149 (VB), currently pending in the United States District Court for the Southern District of New York. I further certify that I have read the Stipulation and Protective Order and agree to be bound by it.

I understand that all provisions of the Stipulation and Protective Order restricting the communication or use of Confidential Material and/or Attorney's Eyes-Only material, including but not limited to any notes or other transcriptions made of Confidential Material and/or Attorney's Eyes-Only material therefrom, shall continue to be binding during the pendency of and after the conclusion of this action.

Dated: _____

_____
SIGNATURE

_____
PRINT NAME

_____
ADDRESS

_____
TELEPHONE